IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID WATSON                    :

    v.                          :   Civil Action No. DKC 18-0220

OFFICER TIPPETT, et al.         :

**MEMORANDUM OPINION AND ORDER**

Plaintiff, proceeding *pro se*, initiated this action on January 22, 2018, alleging that Defendants exerted excessive force when arresting him (ECF No. 1). His motion to appoint counsel was granted and pro bono counsel was appointed. (ECF Nos. 5, 8, 11, and 14). Plaintiff, through appointed counsel, filed an amended complaint on June 20, 2018 (ECF No. 16) and a second amended complaint on August 9, 2018 (ECF No. 32). The court stayed the case on January 18, 2019, after learning that the state court found Plaintiff to be incompetent to stand trial with respect to the criminal charges pending against him. (ECF No. 49). After conferring with counsel, all agreed that another competency evaluation would aid in determining if Plaintiff could proceed in this action with counsel but without a guardian *ad litem*. A competency evaluation was then completed by Dr. Ronald Means who found Plaintiff competent to proceed in this action without a guardian *ad litem* (ECF No. 60):

> Forensic Formulation:
> Mr. Watson has Schizophrenia that has affected his ability to stand trial in the past. He is now successfully medicated, and although he has some residual symptoms of the illness, these symptoms are not so impactful that they result in severely confused thoughts or communication. Mr. Watson was ignorant about some aspects of civil proceedings, but with education, he was able to effectively learn the information. He expressed knowledge of the complaint, the roles of various courtroom participants and potential penalties. He understood the adversarial nature of the proceedings. He demonstrated the capacity to understand the nature and object of the proceedings. Mr. Watson also demonstrated that he [ ]is capable to assist counsel. Again, despite having some residual symptoms of Schizophrenia, Mr. Watson was cooperative and well-behaved throughout the course of the evaluative session. He maintained his focus, and when he began talking about delusional ideas, he was easily redirected. He expressed himself well and could do so if testimony was necessary. Mr. Watson is able to assist counsel. Therefore, to a reasonable degree of medical certainty, Mr. Watson is competent to proceed with trial.
> Opinion: Competent to Proceed

Appointed counsel did not suggest otherwise, and supported proceeding with the litigation. Settlement discussions ensued and counsel submitted a joint stipulation of dismissal, requesting the court to dismiss this case with prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii) on January 16, 2020 (ECF No. 62). The stipulation was approved by the court the same date (ECF No. 63).

More than a year later, Plaintiff, proceeding *pro se*, filed motions on March 17, 2021, to reopen the case to "reconsider the merits" (ECF No. 65) and to appoint counsel (ECF No. 66). He asserts that although Dr. Ronald Means found him competent on May 23, 2019, Dr. Robert Thompson and Dr. Danielle Robinson found him

incompetent based on a developmental disability "within weeks of plaintiff 'blindly' signing the settlement agreement" in this case.

Plaintiff's motion to reopen must be assessed through the standards in Federal Rule of Civil Procedure 60(b). That rule provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for any of six enumerated reasons. Fed.R.Civ.P. 60(b). Such a motion, however, "must be made within a reasonable time," Fed.R.Civ.P. 60(c), and Plaintiff did not file his motion to reopen until over a year after the court dismissed the case with prejudice. The record reflects that he was aware of the basis of his motion "within weeks" of the date of settlement and he offers no explanation for the extended delay in filing. Under these circumstances, it cannot be said that Plaintiff's motion was filed within a reasonable time.

Moreover, the circumstances presented do not justify granting relief from a final judgment. Being found to be incompetent to stand trial in the criminal context does not necessarily mean that one is incompetent to make other decisions:

> See Rogers v. Comm'r of the Dep't of Mental Health, 390 Mass. 489, 458 N.E.2d 308, 313 (1983) ("A person may be competent to make some decisions but not others."); Freedman, Competence, Marginal and Otherwise: Concepts and Ethics, 4 Intern.J. of L. & Psychiatry 53, 56 (1981) ("The test of competency varies from one context to another. In general to be considered competent an

3

>   individual must be able to comprehend the nature of the *particular conduct* in question and to understand its quality and its consequences.") (quoting Roth, Meisel & Lidz, *Tests of Competency to Consent to Treatment,* 134 Am.J. Psychiatry 279 (1977)) (emphasis added); Hardisty, *Mental Illness: A Legal Fiction,* 48 Wash.L.Rev. 735 (1973) (a person may be considered competent for some legal purposes and not for others); Friedman, *Legal Regulation of Behavior Modification,* 17 Ariz.L.Rev. 39, 76 (1975) (capacity, like voluntariness, is a requirement of variable demands).

*United States v. Charters*, 829 F.2d 479, 495 n.23 (4th Cir. 1987), on reh'g, 863 F.2d 302 (4th Cir. 1988).

It is not even always necessary to appoint a guardian ad litem for a person who is incompetent, if other measures suffice. *Nicholson v. Zimmerman*, 2020 WL 5518701 *4 (M.D.N.C. September 14, 2020). Here, the court and counsel were aware of the determinations in the criminal case. Court appointed counsel did not share any concerns about Plaintiff's ability to handle his own affairs generally, or to participate in this civil case, and the forensic evaluation confirmed that perspective at the relevant time. Thus, the fact that there may have been subsequent evaluations for the criminal case is neither surprising nor troubling.

Plaintiff's current request for representation has been read, considered, and will be denied. A federal district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780

(4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  The issue raised by Plaintiff is not unduly complicated and Plaintiff appears able to articulate his requests without notable difficulty.  Thus, having found no exceptional circumstances warranting the appointment of counsel, the motion will be denied.

Accordingly, it is this 24th day of June, 2021, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion to reopen (ECF No. 65) BE, and the same hereby IS, DENIED;

2. Plaintiff's motion for the appointment of counsel (ECF No. 66) BE, and the same hereby IS, DENIED; and

3. The clerk is directed to transmit a copy of this Memorandum Opinion and Order directly to Plaintiff, to Plaintiff's *pro bono* counsel, and to Defendants' counsel.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge